FIRST NATIONAL BANK OF PAW PAW *v.* HOUSEKNECHT.

PROMISSORY NOTES—FALSE REPRESENTATIONS — BONA FIDE PURCHASER.

> The fact that a note was acquired from the maker by fraudulent representations does not vitiate it in the hands of one taking it in payment of an antecedent debt, before maturity, and without notice.

Error to Van Buren; Buck, J. Submitted June 22, 1899. Decided September 19, 1899.

*Assumpsit* by the First National Bank of Paw Paw against Albert L. Houseknecht and another on a promissory note. From a judgment for plaintiff, defendant Houseknecht brings error. Affirmed.

This suit was brought in justice's court upon a promissory note dated November 18, 1895, for $160, payable to the order of the plaintiff 30 days after date, at its bank, with interest at 10 per cent., payable annually, and signed, "A. L. Houseknecht. W. A. Stanton." J. I. Houseknecht, defendant Houseknecht's son, and one Stanton,

were engaged in business together, but whether as partners was a disputed question. Young Houseknecht was engaged in business at Kewanee, Ill., under the firm name of "J. I. Houseknecht & Co." Stanton was a produce dealer at Gobleville, Mich. J. I. Houseknecht & Co. drew a check on the First National Bank of Kewanee, Ill., to W. A. Stanton or bearer. Stanton took this check to the plaintiff, indorsed it, and received the cash upon it. The check was forwarded in the usual course of business to the bank at Kewanee, and was returned protested. Stanton thereupon paid plaintiff $40 in money, and delivered to it the note in question for the balance. Houseknecht defended upon two grounds:

1. That he was induced to sign the note as a surety by false and fraudulent representations made by Stanton, and that plaintiff had notice of this fraud before it parted with anything of value for the note.

2. That plaintiff gave no consideration for the note which would bind defendant Houseknecht.

Plaintiff recovered verdict and judgment in both courts.

*Anderson & Chase* ( *W. G. Howard*, of counsel), for appellant.

*T. J. Cavanaugh*, for appellee.

Grant, C. J. (*after stating the facts*). The theories of the defense were fully and fairly submitted to the jury by the court. The principles of law involved are familiar to the profession, and it would be idle to reiterate them here. The verdict of the jury disposed of all the questions of fact, and they found either that there were no fraudulent representations, or that, if any were made, plaintiff had no notice thereof before parting with value, and that plaintiff took the note in payment of the balance due upon the check before it had notice of any taint.

Judgment affirmed.

The other Justices concurred.